MEMORANDUM **
1.The Fourteenth Amendment prohibits state courts from honoring guilty pleas that are not made voluntarily or intelligently. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A plea is not intelligent when, among other things, “a defendant pleads guilty to a crime without having been informed of the crime’s elements.” Bradshaw v. Stumpf, 545 U.S. 175, 183, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005).
Barrios has successfully shown that his plea was not intelligent because he never reviewed the elements of robbery with Young. Young admitted to that fact, although the magistrate judge didn’t find his testimony credible. This is the only credibility determination we see in the magistrate’s discussion of the intelligence of the plea. Even assuming that the magistrate’s credibility determination was correct in this respect, there is no persuasive evidence contradicting Barrios’s averments. As acknowledged by the magistrate, Barrios provided a plausible explanation for signing the plea form and responding in the affirmative at the plea hearing. The magistrate’s speculations that Barrios knew the elements of robbery because of his previous conviction, his contact with the public defender and Young’s paralegals, and the fact that he was present at the preliminary hearing, find no support in the record. And Barrios took the first opportunity he had, in the Notice of Appeal and Request for Certificate of Probable Cause, to allege that his plea was not intelligent because Young never reviewed the elements of robbery with him.
2. Because we find that Barrios’s plea was not intelligent, we need not reach Barrios’s claim that his plea was not voluntary.
3. Barrios also asks us to expand the certificate of appealability and reconsider his claim of ineffective assistance of counsel. We decline to do so.
REVERSED and REMANDED with instructions to grant the writ, conditioned on the state’s decision to try Barrios. The state has ninety days from the district court’s grant of the writ to make that decision.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.